CONNOR *v.* COUGHLIN.

4-4242

Opinion delivered March 30, 1936.

*J. R. Long,* for appellant.

*A. T. Davies,* for appellee.

McHANEY, J. Appellant sued appellee for the damage done to his car as a result of a collision between his and appellee's cars, at the intersection of Quapaw and Violet streets, in Hot Springs, on August 31, 1935. At the conclusion of the evidence for appellant the court instructed a verdict for appellee. This appeal challenges the correctness of the court's action in this regard.

We agree with the trial court that the testimony for appellant was not sufficient to take the case to the jury. He testified that he was driving his car north on Quapaw approaching its intersection with Violet, at from 30 to 35 miles per hour down hill, and when he was at least 75 feet from the intersection he saw appellee's car approaching from the east going west up hill, traveling at a moderate rate of speed, and that appellee did not see his car. Mr. Ermy, a witness for appellant, testified that he was riding with appellee, and they were traveling about fifteen miles per hour. Without slowing his speed or making any attempt to stop his car, appellant drove into the intersection in front of the car on his right, and was struck on the right rear fender which upset his car. Under the law appellee had the right-of-way, and it was appellant's duty to stop his car or slow it down to yield the right-of-way to him. See § 18, act 223, Acts of 1927, page 721. While this accident happened in the city of Hot Springs, it is shown that there were no slow or stop signs at said intersection, and that the city had passed no ordinance regulating the traffic at said intersection. Therefore, the State law above cited applies. Even assuming that appellee was negligent, under the circumstances, still there could be no recovery, for appellant himself testified to a state of facts showing that he was guilty of negligence directly contributing to the injury to his car.

The judgment must be affirmed. It is so ordered.